STATE *vs.* WALENTY KOZARA.

APRIL 24, 1940.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J.   This is a prosecution upon an indictment which charges the defendant with assaulting Jacob Panasewich with a dangerous weapon.   The case was tried before a justice of the superior court and a jury, which returned a verdict of guilty.   It is now before us on a bill of exceptions stating only one exception, to the denial of the defendant's motion for a new trial, in which the only ground now relied upon is that the evidence was not such as to justify the jury in concluding that beyond a reasonable doubt he was guilty of the crime charged.

.The undisputed testimony showed the following facts. Each of the two men involved in the affair, the defendant and Panasewich, operated a grocery store on the same street, the two stores being next door to each other and only a short distance apart.   The men were competitors and their relations were far from cordial.   Not long after seven o'clock in the evening the defendant and a friend of his went to a saloon, where they engaged in conversation and the defendant drank about two glasses of whiskey and three or four glasses of beer.

He then went to a barber shop, where he got a haircut and a shave, and then started to return to his store.   He testified: "I was not drunk too much but I feel good, you know.   Not much to eat, you know . . . ."   He was walking by the front of the store of Panasewich, when the latter's wife came out

and there was an altercation between them, which of them began it being in dispute.

He testified that she assaulted him with a stick and he tried to take it away from her. She denied this and said that he slapped her in the face with his hand, without provocation, and that she called for help to her husband, who came from his store to protect her from attack by the defendant. There is no question but that the husband did come out then and that the two men got into a fight with each other, though they differ as to which one began it.

The defendant testified that Panasewich with his fist struck the defendant violently in the eye, drawing blood; that the defendant then, to protect himself, reached into the pocket of his sweater and pulled out together a pocket knife and some keys and pencils; that, with them in his fist and with the knife closed, he struck at Panasewich; and that very soon afterwards a woman came up and separated the two men.

Panasewich testified that when he came out he first merely told the defendant to "get out"; that the defendant then used vile language, reached into his own pocket and rushed at Panasewich, who met him with a fist blow, which landed above defendant's eye; and that at the same time defendant stabbed at him several times and he felt something right on his thigh. Panasewich further testified that he then rushed into his store, went upstairs and called the police by telephone. Both he and his wife testified that his leg was then bleeding quite badly.

Several policemen, one of them a lieutenant, arrived promptly, while these men were still at the scene of the fight, and questioned both of them. The lieutenant testified at the trial that when he got to the scene, he found that Panasewich had a cut on his chest, which was bleeding, and that Panasewich said he had been stabbed. The

lieutenant testified also that he found a knife in the defendant's pocket and took it to police headquarters; and that the defendant stated that night that when Panasewich punched him he might, in defending himself, have cut Panasewich with the knife.

Another member of the police force testified that he questioned the defendant the next day at the police station and that the defendant stated there, in connection with the fight, that he took out the knife and he didn't know whether the blade was open or closed or whether he opened it after he took it out of his pocket.

Both men were taken to the Rhode Island Hospital on the evening of the fight; and the hospital report, made then of the physical examination of Panasewich, showed that he had a laceration of one thigh, three and one half inches long, down into the muscle tissue and a laceration of the chest, one quarter inch long, through the skin. Articles of clothing, which were identified as worn by him on the evening of the fight and which were introduced in evidence at the trial as exhibits, showed cuts and bloodstains corresponding with the flesh wounds mentioned above.

In view of all the evidence above described, we are of the opinion that the jury could properly find that it was proved, beyond a reasonable doubt, that the defendant was guilty of the crime of which he was charged in the indictment; and that we cannot properly hold that the trial justice erred in denying the defendant's motion for a new trial.

The defendant's exception is overruled, and the case is remitted to the superior court for further proceedings.

*Louis V. Jackvony*, Attorney General, *James O. Watts*, Assistant Attorney General, for State.

*Frank F. Pinkos*, for defendant.